## D. J. CALKINS V. THE STATE.

*No. 594. Decided March 20.*

1. **Conversion by Bailee—Construction of Statute.**—To constitute the crime of theft by the fraudulent conversion by a bailee, as denounced in the Penal Code, article 742a, the accused must be shown to be a party to the contract of bailment.

2. **Same.**—A party is not liable under article 742a, Penal Code, who fraudulently converts property which may be in his possession, but which had been bailed to another and not himself.

3. **Same—Indictment.**—See the opinion for an indictment which attempts to charge a fraudulent conversion by a bailee, and which said indictment the court holds to be inconsistent, vague, conflicting, and fatally defective.

APPEAL from the District Court of Wichita. Tried below before Hon. GEORGE E. MILLER.

Appellant was convicted of theft, by conversion, as a bailee, of property over the value of $20, and his punishment assessed at three years'' imprisonment in the penitentiary.

In view of the disposition made of the case on this appeal, a general statement of it is unnecessary.

*Houston & Skeen* and *Carrigan & Montgomery,* for appellant. — The second count in the indictment is fatally defective, and ought to have been quashed; because said indictment shows upon its face that the relation of bailor and bailee did not exist between the defendant and Walter Parker, the alleged injured party, and shows that the defendant had possession, as agent and manager, of the Wichita Roller Mill Company, a corporation, and that he acquired possession by virtue of his agency for said mill company, and it nowhere appears in said indictment that any contractual relations existed between defendant and said Parker.

The defendant moved to quash said count for the following reasons: "Because the same charges no offense known to the laws of Texas; because it appears from the second count of the indictment that the same is insufficient, in that it appears, that if defendant came into the possession of the property as described therein, he did so as the agent of the Wichita Roller Mill Company, and not by virtue of any contract with Walter Parker."

The court overruled the motion to quash, and defendant excepted. Griffin v. The State, 4 Texas Crim. App., 390; Reed v. The State, 16 Texas Crim. App., 586.

The indictment showed a contract, not a bailment, in that it did not contemplate or require a return of the specific property, and it ought to have been quashed.

We submit, that although the statute defines the offense and names it theft, that the crime is in no proper sense theft, but only a species of embezzlement, and it was so held in Taylor v. The State, 25 Texas Criminal Appeals, 96, when the court uses this language: "This new offense is nothing more nor less than embezzlement, named and declared to be theft."

The existence of the fiduciary relationship, and a fraudulent violation of the rights of the bailor by the bailee, is a necessary element if it be embezzlement. Before the defendant can be convicted, he must occupy the position of a bailee towards the party in whom ownership is alleged with respect to the alleged converted property. The indictment does not allege such relationship. It alleges and shows, that the Wichita Roller Mill Company was bailee, and the defendant the agent and manager of the mill company, a corporation. The defendant is no party to the contract alleged. It is a contract between Parker and the corporation. If defendant is guilty of embezzlement under the al-

legation, it is of the property of the mill company, and not of Parker. The case of Griffin v. The State, 4 Texas Criminal Appeals, 390, is directly in point, and entirely conclusive, it seems to us, of the question. See also Reed v. The State, 16 Texas Criminal Appeals, 586.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The first count in the indictment charged swindling. The second count charged theft under contract of bailment, under article 742a, Penal Code, and, omitting formal parts, alleges, that appellant "did then and there have possession of 500 bushels of No. 2 wheat, of the value of forty cents per bushel, and of the aggregate value of two hundred dollars, as the agent and manager of the Wichita Roller Mill Company, a corporation duly incorporated, the said wheat then and there being the corporeal personal and movable property of Walter Parker, and the possession thereof having theretofore been acquired by the said D. J. Calkins, as agent and manager of the said Wichita Roller Mill Company, as aforesaid, by virtue of a contract of bailment in writing, as follows, to wit: 'No. 49. Wichita Roller Mill Elevator receipt. Lb. 30,000. Bu. 500. Wichita Falls, Texas, July 14, 1893. Received in store from Walter Parker, bushels 500, of No. 2 wheat, subject to the order herein of Walter Parker, and the surrender of this receipt and payment of charges. This grain is subject to our advertised rates of storage and cleaning. Delivered in case and car load lots only. It is hereby agreed by the holder of this receipt, that the grain herein mentioned may be stored with other grain of the same quality by inspection. Loss by fire, tornado, or cyclone at the owner's risk. [Signed] Wichita Roller Mill Co., by W. H. Thompson.' And the said D. J. Calkins did then and there, without the consent of the said Walter Parker, fraudulently convert the said wheat to the use and benefit of him, the said D. J. Calkins, with the intent then and there to deprive the owner thereof of the value of the same, the said D. J. Calkins being then and there the agent and manager of the said Wichita Roller Mill Company; against the peace and dignity of the State."

This conviction was obtained under the provisions of article 742a, Penal Code. If appellant obtained possession of the wheat by virtue of a contract of bailment, and, without the consent of its owner, fraudulently converted same to his own use, with intent to deprive the owner of the value of the same, he would be guilty of theft. Now, the first question presented for solution is, must the accused be a party to the contract of bailment? Let it be supposed that the contract by which the bailment was created was made, as it undoubtedly was, by W. H. Thompson, and that the accused had no connection with it, not being agent and manager of the mill company, and did fraudulently convert the wheat to his own use, etc., would he, under this state of case, come within the provisions of said article? Suppose that a con-

tract of bailment had been made by Thompson, and that the accused knew nothing of this, and, being agent and manager of the mill, converted it to his own use, would he be guilty of theft under said article? Suppose he knew of such contract, would he be guilty if he had converted it? We must answer this question in the negative. And we must answer the first and main question in the affirmative; that is, to bring the accused within the provisions of said article, he must be a party to the contract of bailment. If Thompson made the contract with Walter Parker by virtue of which the wheat was bailed to the mill company or to himself, appellant would not be the bailee of Parker, but the company or Thompson would. And if appellant was agent and manager of the mill company, and converted the property to his own use without the consent of the company or its authorized agent, he might be guilty of embezzlement of the wheat. But in such a case the indictment must allege the real facts, and especially negative the consent of the owner of the property, viz., the mill company. This indictment proceeds upon the theory, that if a party should be in possession of property which has been bailed to another, whether himself or not, a fraudulent conversion by such person would be a theft from the bailor. This is not a correct construction of said act. It is seen that the indictment alleges that appellant was in possession of the wheat, and that he acquired possession thereof by virtue of a contract of bailment, etc.; but the indictment sets out, and it shows beyond question, that such contract was made by Thompson, and not by appellant, and by Thompson for the mill company. Nor does the indictment allege that appellant, as agent and manager of the mill company, signed Thompson's name to the contract. The contract is signed, "Wichita Roller Mill Co., by W. H. Thompson." We are of opinion that the indictment is inconsistent, vague, conflicting, and fatally defective.

The judgment is reversed, and the prosecution dismissed.

*Reversed and dismissed.*

Judges all present and concurring.