### AP. B. SMITH V. THE STATE.

No. 1649. Decided October 20, 1897.

**Conversion by Bailee—Indictment.**

An indictment for a fraudulent conversion by a bailee, brought under provisions of article 877 of the Penal Code, to be sufficient, must directly and affirmatively allege a bailee of the owner and that the property was hired or borrowed under a contract made by defendant with the owner or hirer. See the opinion for an indictment held fatally defective for want of such a direct allegation.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. BARRETT.

Appeal from a conviction of theft of two mules, the penalty assessed being five years imprisonment in the penitentiary.

The charging part of the indictment is set out in full in the opinion. The sufficiency of the indictment was attacked in defendant's motion in arrest of judgment.

No statement of facts.

*Giddings & Giddings,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of the theft of two mules, the alleged property of A. W. Willis, and appeals.

This prosecution to conviction was under article 877, Penal Code 1895. The indictment alleges that appellant, on a certain date, "with force and arms, in the county of Cooke and State of Texas, then and there had possession of two certain mules, the said mules then and there being the property of A. W. Willis, and the possession theretofore acquired by the said Ap. B. Smith by virtue of a contract of hiring and borrowing, made with the said A. W. Willis, and the said Ap. B. Smith did then and there without the consent of the said A. W. Willis fraudulently convert the said mules to his own use, with the intent to deprive the said owner thereof of the value of the same."

This is a remarkable indictment. It lacks direct allegation. It is alleged inferentially that appellant acquired possession by virtue of a contract of hiring and borrowing instead of being alleged directly. It is charged that he had possession of the mules by virtue of the contract of hiring and borrowing made with the said A. W. Willis. It does not allege that appellant had made any such contract with A. W. Willis. It does not allege that he had hired or borrowed the mules in any man-

ner or form from said Willis. Every word charged in this indictment may be true, and yet appellant not guilty of theft under article 877. Some one else may have made a contract of hiring and borrowing with Willis, and appellant may have acquired possession by virtue of this contract. This indictment does not charge directly or indirectly that appellant was the bailee of Willis. Suppose that A. had made such a contract with Willis, and had sent appellant for the mules, and he had obtained possession thereof; he would have obtained possession or been in possession by virtue of that contract, in one sense. This indictment does not allege that he was the bailee of Willis, or that he had hired or borrowed the mules from Willis by virtue of a contract between himself and Willis. See Calkins v. State, 34 Texas Crim. Rep., 251.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and ordered dismissed.*