THOMAS ELTON v. THE STATE.

No. 1716. Decided March 22, 1899.

**1. Theft—Conversion by Bailee for Hire—Indictment.**

An indictment for theft by conversion by a bailee for hire, brought under article 877, Penal Code, is sufficient which alleges that a third party was duly authorized by the owner to hire the property, and it was not necessary to state the facts which constitute him an agent to hire the property.

**2. Same.**

Where an indictment for theft by conversion by a bailee for hire sufficiently alleges that the accused came into possession and acquired the property by virtue of a contract of hiring or borrowing from one authorized to hire or let it, it was not necessary to state the particular facts constituting the contractual relations between the parties.

**3. Same—Venue of the Prosecution.**

On a trial for theft by conversion by a bailee in D. County, the venue of the prosecution is sufficiently established, circumstantially, by evidence which showed that accused hired a horse and buggy to go some eight or ten miles and return in the evening, but who, as soon as he got possession of them, started by a circuitous route for the Indian Territory, and was next found with the property some 140 or 150 miles from D. County.

**4.  Conversion by Bailee—Charge.**

On a trial for theft, by conversion by a bailee for hire, where the court has instructed the jury that in order to convict they must believe that defendant intended to fraudulently appropriate the property, and that he did actually and fraudulently convert it to his own use without the consent of the owner, and with intent to deprive the owner of the value of the same; Held, sufficient without any further or more explicit definition of "conversion."

**5.  Evidence—Harmless Error.**

No reversible error is committed in the admission of inadmissible testimony where there is no question of defendant's guilt, and when said testimony could not possibly have injured him.

ON MOTION FOR REHEARING.

**6.  Theft by Conversion by Bailee—Indictment.**

An indictment for theft by conversion by a bailee for hire, under article 877, Penal Code, which alleges that defendant had possession of the property in question, which he acquired by virtue of a contract of hiring and borrowing made with a third person, sufficiently averred that a contract was made by defendant with said third person, and the indictment is sufficient to charge the offense of theft by conversion. Overruling Smith v. State, 38 Texas Criminal Reports, 232.

APPEAL from the Criminal District Court of Dallas.   Tried below before Hon. CHARLES F. CLINT.

Appeal from a conviction for theft, by conversion of property by a bailee for hire; penalty, three years confinement in the penitentiary.

The charging part of the indictment was as follows, viz: "That one Thomas Elton, alias G. F. Smith, alias Jim Reed, on the 22d day of August, in the year of our Lord one thousand eight hundred and ninety-eight, with force and arms, in the county and State aforesaid, had possession of two certain horses, the said horses then and there being the property of Arthur Cain, and the possession thereof having been theretofore acquired by the said Thomas Elton, alias G. F. Smith, alias Jim Reed, by virtue of a contract of hiring and borrowing made by said Elton with one D. W. May, who was thereunto duly authorized by the said Arthur Cain; and said Thomas Elton, alias G. F. Smith, alias Jim Reed, did then and there, without the consent of the said Arthur Cain, and without the consent of the said D. W. May, and without the consent of both or either of them, frauduently convert said horses to his own use, with intent to deprive the said owner thereof of the value of the same, contrary," etc.

Defendant filed a motion to quash upon the grounds:   1.   The indictment does not allege any contract of hiring and borrowing between defendant and the party from whom said property was obtained, to wit, D. W. May, by virtue of a contract of hiring and borrowing.   2.   It does not allege what authority the said D. W. May had from Arthur Cain to make such contract, and alleges that D. W. May was thereunto authorized by said Arthur Cain, but does not allege what, nor how, he was authorized, nor what said May was authorized to do.   3.   Because it does not allege nor set out fully what the contract of hiring and borrowing was; the terms of said contract should be fully set out, so defendant will know how to meet same.

This motion to quash was overruled.

In brief, the substance of the evidence at the trial showed, that appellant, who was a stranger, went to the livery stable of Arthur Cain, in Dallas, to hire a buggy and pair of horses, saying that he wished to go some ten or fifteen miles into the country to look at land he desired to purchase for a ranch for his blooded stock. Cain, the owner of the stable, was not in, and the horses and buggy were hired to appellant by D. W. May, the bookkeeper and manager of the stable during Cain's absence. Appellant was to pay $5 for the team upon his return that evening. He not returning as stipulated, Cain and May became suspicious and reported to the sheriff, who immediately sent out notices for the arrest of appellant. Three days after he had hired the team he was arrested by the deputy sheriff of Montague County, at the village of Ringgold, 150 miles from Dallas, where he was inquiring the shortest and best way across Red River, twelve miles distant to the Indian Territory. It was proved that he claimed to be from Bowie at the time of his arrest, and that he got the horses below Bowie.

*Hudson, Woody & Lively,* for appellant.—As to the insufficiency of the indictment: Abbey v. State, 35 Texas Crim. Rep., 589; Yost v. State, 38 S. W. Rep., 192; Smith v. State, 38 Texas Crim. Rep., 232; Calkins v. State, 34 Texas Crim. Rep., 251.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft as bailee of property, under article 877, Penal Code, and his punishment assessed at confinement in the penitentiary for a term of three years, and he appeals.

Appellant made a motion to quash the indictment on the ground "that the same did not allege what authority D. W. May had from the said Arthur Cain to make such a contract, and alleges that 'D. W. May was thereunto authorized by the said Arthur Cain,' but does not allege what nor how he was authorized, nor what said May was authorized to do; because the indictment does not allege, nor set out fully, what the contract of hiring and borrowing was. The terms of said contract should be fully set out, so the defendant will know how to meet same." We have examined the indictment carefully, and do not believe it is subject to the criticism of appellant. This indictment is not like the indictment in the case of Smith v. State, 38 Texas Crim. Rep., 232. Nor is it like the indictment in Calkins v. State, 34 Texas Crim. Rep., 251. Here the indictment charges all the essential elements of the offense, and shows a connection between the hirer, May, and Cain, the owner of the property. It alleges that May was duly authorized by the said Arthur Cain, the owner of said property, to hire the same. It was not necessary to state the facts constituting the particular relation of contract between them, which authorized him to hire the horses and buggy; and the indictment

also sufficiently alleges that appellant came into the possession and acquired said property by virtue of a contract of hiring and borrowing, made with one D. W. May, and it was not necessary to state the particular facts constituting this contractual relation.

Appellant further contends that the evidence shows no conversion in Dallas County, and that the charge of the court was misleading on this subject, and a number of special charges requested should have been given.   Now, we held, under the peculiar facts of the cases of Abbey v. State, 35 Texas Criminal Reports, 589, and Yost v. State (Texas Criminal Appeals), 38 Southwestern Reporter, 192, conversion was not in the county of the alleged venue; but those cases are not in point here.   In Stedham v. State, ante, p. 43, we held that the actual sale or disposition was not necessary to a conversion and theft by a bailee; that the conversion could be proved by circumstantial, as well as by positive, evidence; and we held in that case that the conversion could be made of the property before the termination of the bailment.   Referring to the proof in this case, there can be no question that appellant converted the property in Dallas County, and he evidently intended to convert it at the time he hired the same.   The evidence shows that he made an immediate appropriation of the property to his own use, for as soon as he procured possession of the property he started to the Indian Territory by a circuitous route.   We think the court's charge on venue, in connection with the conversion, was sufficient, and the requested charges were not required.

Appellant insists that the court should have more explicitly defined "conversion," and that the charge given on that subject was erroneous. The court instructed the jury that appellant must have intended to frauduently appropriate said property to his own use, and that he must have actually and fraudulently, without the consent of the said Arthur Cain and D. W. May, converted said property to his own use, with intent to deprive the said Arthur Cain of the value of said property. The court was not required to charge more specifically on a conversion than was done.   The evidence is of such a character as to leave this matter beyond any question, and the charge was sufficiently comprehensive, and the requested charges were not necessary.

There was no material error calculated to injure appellant with reference to the introduction of the testimony of Ben Cabell, as to what efforts he made to find out where appellant had gone.   We do not think such testimony, even if it be conceded that it should not have been admitted, could have possibly injured appellant; for there was no question here that he was guilty of theft of said property when he was arrested.

What we have said with reference to the indictment disposes of the objection raised as to the testimony of Arthur Cain in regard to his employment of May.   No error appearing in the record, the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, absent.

ON MOTION FOR REHEARING.

Decided May 17, 1899.

HENDERSON, JUDGE.—This case was affirmed at the Dallas term, 1899, and now comes before us on motion for rehearing.

Appellant urgently contends that this case is similar to the case of Smith v. State, 38 Texas Criminal Reports, 232, as far as the indictment is concerned, and that we were in error in the original opinion in holding that the indictments were dissimilar. While there is some difference in the verbiage, yet on the very point insisted on the indictment in the Smith case is similar to the one in this case. We quote that part of the indictment in the Smith case, as follows: That appellant, "Smith, then and there had possession of two certain mules, the property of A. W. Willis, and the possession theretofore acquired by said Smith by virtue of a contract of hiring and borrowing made with the said A. W. Willis." The allegation in the present indictment is as follows: "Said horses then and there being the property of Arthur Cain, and the possession thereof having been theretofore acquired by the said Thomas Elton by virtue of a contract of hiring and borrowing made with one D. W. May, who was thereunto duly authorized by the said Arthur Cain." The contention in the Smith case was that there was no distinct allegation that Smith acquired possession of said property by virtue of a contract of hiring made by him with Willis, and we held in that case that the indictment was defective in that respect. We understand in the present case that it is insisted that the same defect exists in the present indictment, to wit, that there is no distinct averment that Elton acquired the possession of said horse by virtue of a certain contract of hiring made by him with one D. W. May. If we adhere to the rule laid down in the Smith case, unquestionably appellant's contention is correct, and the indictment can not be sustained. But, on an examination of that question, we believe we were in error in the Smith case. The allegation is "that Thomas Elton came into possession of said two horses by virtue of a contract of hiring and borrowing made with one D. W. May, who was thereunto duly authorized by the said Arthur Cain," etc. Now, by the insertion of the phrase "by said Elton" after the word "made," the allegation would read, "by virtue of a contract of hiring and borrowing made by said Elton with one D. W. May, who was thereunto duly authorized," etc. But we submit that it is clear that the words here used express that the contract was made by said Elton with said May. Of course, a construction might suggest that, inasmuch as it was not directly averred that Elton made the contract by which he obtained possession of said horses with May, he might have obtained possession by virtue of a contract of hiring made by some one else with May; and such seems to be the reasoning in the Smith case. But we do not believe it sound, for, by every reasonable intendment, the expressions here used aver the acquisition of possession by Thomas Elton by virtue of a contract of hiring and borrowing made by him with D. W.

May, and not by someone else. We therefore overrule the Smith case, and hold that the indictment in the present case is good.

The other assignments have been previously discussed in the original opinion. The motion for rehearing is overruled.

*Motion overruled.*