### R. H. BUTLER v. THE STATE.

#### No. 3362.   Decided December 20, 1905.

**Theft—Bailment—Indictment.**

On a trial for theft of property deposited with a hotel clerk, it was not necessary that the indictment should have stated how defendant came to be the bailee, further than it was done by his direct contract with the prosecutrix; the contract of bailment having been directly entered into between the prosecutrix and the defendant, who was a night clerk at a hotel, the mere fact that defendant was a clerk and standing in relation to the proprietor of the hotel as a mere servant and custodian of the property, would make no difference either as to the allegations, or as to the proof necessary upon which to base a conviction, as the defendant was the contracting party and the special owner in the case.

Appeal from the Criminal District Court of Harris. Tried below before J. K. P. Gillaspie.

Appeal from a conviction of theft by bailee; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Noah Allen,* for appellant.—On question of bailment: Elton v. State, 50 S. W. Rep., 379.; Smith v. State, 42 id., 302; Calkins v. State, 29 id., 1081; Thomas v. State, 1 Texas Crim. App., 289; Garling v. State, 2 id., 44; Bailey v. State, 18 id., 426; Emmerson v. State, 33 Texas Crim. Rep., 89; 18 Am. & Eng. Enc. Law, 477.

*Howard Martin,* Assistant Attorney-General; *W. C. Oliver* and *E. T. Branch,* for the State.—On question of bailment: Lewallen v. State, 13 Texas Ct. Rep., 554.

HENDERSON, JUDGE.—Appellant was convicted of theft under article 877, Penal Code, and his punishment assessed at four years confinement in the penitentiary; hence this appeal. Briefly stated, the

facts show that appellant was the night clerk at the Burnett House in the city of Houston; that on or about the day charged in the indictment, prosecutrix Miss Blanche Enloe, was stopping as a guest at said Burnett House, and about 10 o'clock at night, she went down in the clerk's office, and deposited a diamond brooch, and two diamond rings (which were of the value of several hundred dollars) and $140 in money, with the appellant, as clerk of said hotel; that she placed said articles in a satchel, and saw the clerk place it in the safe. She states that she did not know the clerk, and did not deposit said articles with him individually, but did so knowing that he was the clerk of the hotel. The next morning the clerk was missing, as well as all the articles deposited (except the satchel). The articles were not in the safe. Appellant was arrested at Valley Station, on the International & Great Northern Railroad, some one hundred and twenty miles north of Houston, and brought back to Houston. All of the jewelry was found on him, and $125 in money. The jewelry was thoroughly identified as the property of prosecutrix.

Appellant questioned the legality of the indictment, and amongst other things, that the character of bailment was not sufficiently described; that the property was not sufficiently described. So far as the description of the property is concerned, there is no question in our minds as to its sufficiency. The jewelry is described as two diamond rings of the value of $200, one diamond brooch of the value of $50. We also hold that the description of the money was sufficient—"$100 in money, the same being current money of the United State of the value of $100." The deposit or bailment is described as follows: that appellant "then and there having possession of two diamond rings, etc., of the value, * * * by virtue of his contract of bailment, with the said Blanche Enloe, the said property having been theretofore on said day, deposited with the said R. H. Butler, by said Blanche Enloe for safe keeping, under an agreement express and implied that the same should be kept safely, and returned to said Blanche Enloe, did then and there," etc. Now, in our opinion, it was not necessary that the indictment should have stated how appellant came to be the bailee further than was done by his direct contract with Blanche Enloe. In Elton's case, 40 Texas Crim. Rep., 339, the indictment was similar in terms, except that it was further alleged therein that May was the agent of the livery-stable owner (Cain), and as such agent hired the horses to Elton, showing fully the contractual relation. But it is not even held in that case, that it was necessary to allege how May came to be the agent of Cain. In this case the facts are reversed, and the deposit is made with the agent of the proprietor of the hotel. The contract of bailment was directly entered into between Blanche Enloe and the clerk, and the nature of the bailment is stated; that is, that the deposit was for safe keeping of the property. This method of allegation, of course, would not preclude the State or defendant from proving how appellant came to receive the property; that he did so, as night clerk

of the hotel. Nor would it preclude proof on the part of defendant of any defense that might arise out of such relation. He could have proved that he turned over the property to the proprietor, if such had been the fact, or to some other agent of his authorized to receive it, and so have exonerated himself. If the properietor of the hotel had actually received the property in person as a deposit, it may have been necessary to have so alleged. But here he did not. Nor was he in anywise affected by the prosecution, under the facts of this case, although he might in a civil proceeding have been held responsible for the property. We think that the contract of bailment between the parties is sufficiently alleged, and that the possession under the bailment is also sufficiently alleged. We do not believe that the mere fact that appellant was a clerk and standing in relation to the proprietor of the hotel as a mere servant and custodian of the property, makes any difference either as to the allegations necessary to the indictment, or as to the proof necessary upon which to base a conviction. The proprietor did not actually receive the property, although he may have been responsible for it after its reception; but the clerk made the contract directly with Blanche Enloe for the safe keeping of said property. From the proof, he seems to have been authorized to receive such deposits by the proprietor of the hotel; but, in our view, it would make no difference, if he had not been authorized to receive such deposits. If this had been known to prosecutrix she may not have been able to recover from the hotel proprietor, but she would have been entitled to recover from appellant in case of loss. In such event, he would have been responsible both civilly and criminally. In either event he would be responsible criminally. So far as the allegation of contract of bailment between the parties in this indictment is concerned, it is much like a case of uttering a forged instrument. If this is uttered to a bank, it has been held that the utterances can be charged to have been made to the clerk of the bank, who actually received the forged instrument. Of course, it would be the better practice in such case to allege that such clerk received it for and on behalf of the bank. We do not believe the doctrine of mere custody, as of a servant, as insisted by appellant, has anything to do with this case, or militates against the allegations contained in the indictment. The fact that the person is employed by another does not prevent him from being a bailee. He was the contracting party in this case, and was a special owner, and the property was directly under his control and management, and during that time appears to have been under his exclusive control. Even in a case of theft under the general statute, the possession could have been alleged in the appellant, and it would not antagonize this view if possession might also have been alleged in the proprietor, and the clerk treated as a mere custodian. We have examined the record carefully, and, in our opinion, there are no errors contained therein of a reversible character.

The judgment is accordingly affirmed.     *Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]