## HENRY PIPER v. THE STATE.

### No. 3982.   Decided May 5, 1909.

#### 1.—Theft—Bailment—Statute Construed—Indictment.

Article 877 Penal Code was designed  to meet the facts of special cases, where, under the decisions, and provisions of our code, no conviction for theft could otherwise be had, and was not intended to constitute a departure or change the rule with reference to allegations or proof in respect to possession of property.

#### 2.—Same—Possession.

Article 877 was intended to meet cases where there was not a felonious taking of the property nor where possession of it was obtained by some deceit or false representation, but where the possession of property was obtained lawfully, in the sense that such possession was not criminal or covinous.

#### 3.—Same—Statutes Construed.

Under article 877 Penal Code, the language "by virtue of a contract of hiring or borrowing" is not meant such a contract as would give the borrower the right of possession against the actual owner, but as fixing the nature and character of the possession.   Following Butler v. State, 49 Texas Crim. Rep., 159.

#### 4.—Same—Case Stated—Bailment.

Where upon trial for theft, under article 877 Penal Code, the defendant was charged with the possession of a certain diamond ring which he borrowed from prosecutrix, and that he fraudulently converted same to his own use, etc.; and the evidence showed that the prosecutrix was not the actual owner of the ring but had borrowed it from the actual owner, there was nothing in the contention that this was a variance between the allegation and the proof, and that this was not a lawful bailment because it was not made by the actual owner of the property or someone duly authorized by him to make the contract of bailment.

#### 5.—Same—Venue—Conversion—Repudiation of Title.

Under article 877, Penal Code, the venue of the offense can be laid in any county where the conversion takes place, and an act of repudiation of the owners title is a conversion, and it is not necessary to prove an actual disposition of the property by defendant before he is guilty of conversion.

#### 6.—Same—Case Stated.

Where upon trial for theft and fraudulent conversion, under article 877 Penal Code, the evidence showed that the prosecutrix borrowed a ring from another, and that she loaned this ring and two others to the defendant, that defendant pawned one of these rings in the county of the prosecution, and that he hypothecated the first ring in Tarrant County, and was afterwards arrested in Kansas City, the conviction was sustained both as to venue and fraudulent conversion.

Appeal from the District Court of Travis.   Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of theft by conversion; penalty, two years confinement in the penitentiary.

The opinion states the case.

*W. L. White* and *Warren W. Moore,* for appellant.—On question of bailment: Calkins v. State, 34 Texas Crim. Rep., 251; Elton v. State, 40 Texas Crim. Rep., 339; Abbey v. State, 35 Texas Crim. Rep., 589; Malz v. State, 36 Texas Crim. Rep., 447.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was charged by indictment in the District Court of Travis County with the offense of theft of a certain diamond ring of the value of one hundred dollars, the property of Anna Koch, having obtained possession of said diamond ring from said Anna Koch by virtue of his contract of borrowing. He was convicted of this charge on the 12th of November, 1908, and his punishment assessed at confinement in the penitentiary for a period of two years. From this conviction this appeal results.

The evidence, in brief, shows that one J. C. DeGress, who lived about fourteen miles northwest of Austin, was the owner of the ring in question, and that about the 21st day of October, 1907, he loaned this ring to Miss Anna Koch to wear. There was, as he states, no time set for her to return it, and he testifies that he gave her no permission to dispose of or transfer the ring from her possession to any one. Miss Anna Koch testifies, in substance, that soon after this she loaned this ring to appellant to wear. That there was no time set for him to return the ring to her, but she thought he was to return the ring the next day. She also states that she had no permission or authority from Mr. DeGress to dispose of this ring in any manner to any one. That at the same time she let appellant have two other rings of her own property to wear, one a small solitaire diamond ring and one with a red set surrounded by small chip diamonds. One of these rings she recovered at a pawn shop where it had been hypothecated by appellant, and possession of the other one was never recovered. Appellant testifies, in substance, that he obtained the rings from Miss Koch, as stated, to wear to a dance to be given in Austin that night. It seems, however, the dance was not given. That the next day he met some friends and began drinking, and during the day became quite intoxicated. That during that evening he pawned the solitaire diamond ring at a pawn shop in Austin, and left for Fort Worth that night, where he arrived the next day, where, as he claims, he hypothecated the ring for the theft of which he is here charged. That almost immediately he left Fort Worth for St. Louis, and went from there to Kansas City, where some time thereafter he was arrested. The cross-examination of appellant develops that he had a perfect knowledge of everything that he did on the day before he left Austin, and is somewhat at variance both with his claim of drunkenness, and certainly with his testimony of his intention to redeem the pawned ring and return all the rings borrowed by him.

1. An inspection of the entire record will demonstrate the sufficiency of the testimony to sustain a conviction of theft, unless under our statute, in view of the facts above stated, no conviction could be had under the article of the Code under which the indictment is preferred. Article 877 (formerly article 742a) of the Penal Code is as follows: "Any

person having possession of personal property of another, by virtue of a contract of hiring or borrowing, or other bailment, who shall, without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of the same shall be guilty of theft, and shall be punished as prescribed in the Penal Code for theft of like property." Under this article it has been held that the constituent elements of this species of theft are: 1. Possession of property by virtue of a bailment. 2. Fraudulent conversion of the same by the bailee to his own use, without the consent of the owner. 3. Conversion by the bailee with the intent to deprive the owner of the value of the property. It is vigorously insisted that, under the proof in this case, no conviction can be sustained on the charge laid against appellant for the reason, as stated by appellant, that no theft by bailee can be committed except where the bailee is, at the time of the unlawful conversion, in the lawful possession of the property by virtue of a lawful bailment made by the owner of the property, or some one duly authorized by him to make the contract of bailment, and that the doctrine of special ownership of property, or that the ownership may be alleged in the party in possession of the property, has no application to the offense of theft by bailee, and the indictment must allege, and the proof must show, that the alleged owner named in the indictment, or some other person authorized by him so to do, bailed the property to the defendant, thereby putting him in lawful possession of the property. While the language of some of the decisions of this court, under the peculiar facts of the cases discussed, may seem to lend some slight support to this contention, it occurs to us that it is intrinsically unsound and the argument fallacious. . Article 877 of the Penal Code was designed to meet the facts of special cases where, under the decisions and provisions of our code, no conviction for theft could otherwise be had, and was not intended to constitute a departure or change the rule with reference to allegations or proof in respect to possession of property. In other words, this statute was intended to meet cases where there was not a felonious taking of the property, nor where possession of it was obtained by some deceit or false representation, but where the possession of property was obtained lawfully, in the sense that such possession was not criminal or covinous. It would not be doubted for a moment that if, while this ring was in possession of Miss Koch, it had been stolen from her without her knowledge or consent, that such taking, if felonious, would have constituted theft, and that the possession of such property could and should have been alleged to have been in her. Nor would anyone doubt that if possession of this property had been obtained from her by some false representation, or fraudulent device practiced by appellant, that if the felonious intent existed, that he could have been convicted of theft, and the possession of the property so taken properly laid in her. Can it be contended that the mere fact that possession was obtained of the property by her consent, and as a

temporary loan to appellant, changes the whole order and system of pleading and proof in respect to the crime of theft? By the language of the statute, by virtue of a contract of hiring or borrowing is not meant such a contract as would give the borrower the right of possession against the real owner, but as fixing the nature and character of the possession; that is to say, the possession of the ring came to him by an arrangement between himself and Miss Koch, whereby it was not unlawful in the sense of being criminal, willful or covinous. This rule seems to be clearly established in the case of Butler v. State, 49 Texas Crim. Rep., 159. In that case a young lady had deposited with Butler, clerk of a hotel, certain jewelry. She testified that she did not know the clerk, and did not deposit said articles with him individually, but did so knowing that he was clerk of the hotel. The indictment was questioned in that case because the character of bailment was not sufficiently described. In discussing the matter Judge Henderson, speaking for the court, says: "Now, in our opinion, it was not necessary that the indictment should have stated how appellant came to be the bailee, further than was done by his direct contract with Blanche Enloe. In Elton's case, 40 Texas Crim. Rep., 339, the indictment was similar in terms, except that it was further alleged therein that May was the agent of the livery-stable owner (Cain), and as such agent hired the horses to Elton, showing fully the contractual relation. But it is not even held in that case that it was necessary to allege how May came to be the agent of Cain." Again, in further discussing the matter, Judge Henderson says: "We do not believe the doctrine of mere custody, as of a servant, as insisted by appellant, has anything to do with this case, or militates against the allegations contained in the indictment. The fact that the person is employed by another does not prevent him from being a bailee. He was the contracting party in this case, and was a special owner, and the property was directly under his control and management, and during that time appears to have been under his exclusive control. Even in a case of theft under the general statute, the possession could have been alleged in the appellant, and it would not antagonize this view if possession might also have been alleged in the proprietor, and the clerk treated as a mere custodian." The facts in this case further show that the jewelry was delivered to Butler in Houston about 10 o'clock at night, and the next morning he was missing, and was arrested some 120 miles north of Houston and brought back to Harris County for trial. This decision clearly recognizes the rule that the statute with reference to allegations of custody in theft generally applies to this particular statute, and is further authority on the question of venue, and as to where the conversion will be treated as having occurred. Nor do the cases cited by appellant contravene this doctrine.

2. Again, it is contended that, inasmuch as there is no direct proof that the ring was actually appropriated—that is, disposed of in Austin—the evidence of appellant raises the issue, and claims the fact to

be, that it was hypothecated in Tarrant County; that, therefore, the theft, if there was a theft, must be alleged in Tarrant County and not in Travis County. We think this position is wholly untenable. It has been held, even in this character of case, that conversion is a fact that can be proven by circumstantial as well as by direct evidence, and that it is not necessary for the party to sell or dispose of the property before he is guilty of conversion, and that an act in repudiation of the owner's title is a conversion, and that in whatever county this may occur the venue of the offense is in such county. Steadham v. State, 40 Texas Crim. Rep., 43. Considering the case altogether, it seems evident to us that, whatever may have been appellant's intention when he borrowed the ring from Miss Koch, that before he left Austin he had conceived a fraudulent purpose of converting the property, had asserted title and ownership in himself, and had done every act and thing necessary to constitute theft in Travis County. We believe the evidence is sufficient to sustain the verdict, and that the court did not err at any point in the progress of the trial to the detriment of appellant. So believing, it is ordered that the judgment of conviction be, and the same is, in all things affirmed.

*Affirmed.*