### ED NUGENT v. THE STATE.

#### No. 6171. Decided March 16, 1921.

#### Rehearing Granted April 13, 1921.

**1.—Recognizance—Name of Offense—Practice on Appeal.**

Where the recognizance recited that the defendant stood charged with the offense by conversion, etc., the same was an insufficient description of the offense, and the appeal must be dismissed; however, where a sufficient recognizance was entered into thereafter, the appeal is re-instated.

**2.—Same—Indictment—Bailment—Agent—Husband and Wife.**

Where the indictment failed to allege that the party alleged was acting as the agent of the owner of the alleged hogs, or that she was authorized by him to make the contract of bailment with the defendant, the same was insufficient, under Article 1348, Vernon's Penal Code, and it could not be infered as a matter of law that because she is the wife of the owner of the property that she was authorized to act as agent with reference to said property. Following McCarty v. State, 45 Texas Crim. Rep., 510, and other cases.

**3.—Same—Husband and Wife—Ownership—Bailment.**

If the husband had gone away, leaving his wife in the exclusive control, care, and management of the alleged hog, ownership could be alleged in her.

Appeal from the District Court of Walker. Tried below before the Honorable J. A. Platt.

Appeal from a conviction of theft of a hog by conversion; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. E. Gates* and *Jos. F. Henson,* for appellant.—Cited cases in opinion.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—The appellant was charged with theft by conversion of one hog, and his punishment assessed at confinement in the penitentiary for a term of two years.

The State, through the Assistant Attorney General, files a motion to dismiss the appeal in this case because the recognizance as it appears in the record does not describe any offense by name known to the Code of this State, and does not set forth the constituent elements of any offense known to the law. An examination of the recognizance discloses that the motion is well taken. The recognizance recites, after the formal part, that, "Ed Nugent, who stands charged in this court with the *offense by conversion* and who had been convicted of such offense," etc.

The recognizance being totally insufficient under Article 903, Vernon's C. C. P., to confer any reviewing rights upon this court, the appeal is ordered dismissed.

*Dismissed.*

ON REHEARING.

April 13, 1921.

HAWKINS, JUDGE.—Appellant was convicted of theft by conversion of one hog, and his punishment assessed at confinement in the penitentiary for a term of two years.

At a former day of this term the appeal was dismissed on account of a defective recognizance. Appellant files motion to reinstate the appeal, and requesting that a writ of *certiorari* be granted for the purpose of correcting the record, and attaches to the motion a certified copy of the recognizance, which discloses that the recognizance, as shown in the original record, was miscopied by the clerk, and that the recognizance entered into was a good and sufficient one. Upon the showing thus made, and without the delay incident to granting the *certiorari,* the appeal will be reinstated, and the cause considered on its merits.

The first count in the indictment under which appellant was convicted, omitting the formal parts, alleges that appellant, "did then and there having possession of one hog then and there the property of Arthur Branch by virtue of his contract of bailment with Hattie Branch, whereby the said Ed Nugent agreed to take possession of said hog and keep the same and to attend to the same for the said Hattie Branch, wife of said Arthur Branch, did then and there unlawfully

and without the consent of the said Arthur Branch, the owner thereof, and without the consent of the said Hattie Branch, wife of the said Arthur Branch and with whom said contract of bailment was made, unlawfully and fraudulently convert said hog to his, the said Ed Nugent's, own use and benefit, with intent to deprive the said Arthur Branch, the owner, of the value of the same." Timely motion in arrest of judgment was filed by appellant attacking the sufficiency of the indictment.

It will appear from an inspection of the instrument that it nowhere appears therein that Hattie Branch was acting as the agent of Arthur Branch, nor any allegations that she was authorized by Arthur Branch to make the contract of bailment with the appellant. Where it is sought to hold an accused for the conversion of property held by him as bailee, under Article 1348, Vernon's Penal Code, the indictment must allege the contract of bailment with the owner of the property, or with some person duly authorized to make such contract, and this cannot be done by inference, but must be done by direct averment. The accused cannot hold property under a contract unless made by the owner, or someone duly authorized by the owner. It does appear from the indictment that Hattie Branch is the wife of Arthur Branch, but this court would not be authorized to conclude, as a matter of law, that, because she is his wife, she was authorized to act as agent with reference to the property in controversy. All the parties to this controversy were negroes, and, in truth, the facts of this case disclose the danger of reaching such a conclusion by inference. Some of the evidence indicates that the marital relations between Arthur and his wife had not been altogether pleasant, and that he had departed from the family domicile, leaving his wife and the hog in question; and if Hattie's assertions are to be believed, was living with another woman at the time of the transaction complained of. The hog was the separate property of Arthur, having been given to him. So much of the facts are stated as show the necessity of direct averment as to agency, or authorization to make contracts of bailment. Many authorities may be found on this subject from this court, holding the indictment to be fatally defective. We refer only to a few. McCarty v. State, 45 Texas Crim. Rep., 510; Calkins v. State, 34 Texas Crim. Rep., 251, 29 S. W. Rep., 1081; Smith v. State, 38 Texas Crim. Rep., 232, 42 S. W. Rep., 302; Elton v. State, 40 Texas Crim. Rep., 342.

If Arthur Branch had gone away from home leaving his wife in the exclusive control, care and management of the hog in question, in view or re-indictment, we suggest it should contain a count alleging ownership in her, and bailment made by her.

We are of the opinion appellant's motion for new trial should have been granted, but do not discuss it on account of the disposition that will have to be made of the case because of the defective indictment.

The judgment of the lower court is reversed, and the case dismissed.

*Dismissed.*