B. F. Wade v. The State.

No. 13257.   Delivered April 16, 1930.
Rehearing denied June 27, 1930.
Reported in 29 S. W. (2d) 377.

The opinion states the case.

*Jno. A. Veillon* and *Dan E. Doherty,* both of San Antonio, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—The conviction is for theft; punishment, two years in the penitentiary.

We deem the evidence ample and sufficient to show that the appellant and a companion went to a rent-car firm in San Antonio and rented from them a car ostensibly to be driven around in the city of San Antonio but which was taken by the appellant and his companion to the city of Port Arthur, where it was later found. The facts seem amply to support the verdict and judgment.

There are four bills of exception in the record, each of which has been examined and none of which present error.

Bill No. 1 complains of the introduction of a contract to rent a car made by the man who seems to have been implicated with the appellant. No facts are shown in the bill by which we can determine whether the matter was material or otherwise.

Bill No. 2 sets out the complaint of the refusal of a peremptory instruction in favor of the appellant.

Bill No. 3 sets up the refusal of a requested charge seeking to have the jury told that the State's witness Tubbs was an accomplice. We think the facts show the contrary.

The remaining bill was taken to the overruling of the motion for new trial.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing upon the proposition that he was no "party" to the contract of hiring under which possession of the automobile was obtained. The facts disclose that appellant and one Robinson had made an effort to rent an automobile from the Auto Livery Company in San Antonio, but upon discovery that they expected to leave the city the young lady acting for the company returned the money to them, took up the rental contract and refused to let them have the car. Later appellant and Robinson got with Tubbs and Robinson requested Tubbs to rent a car from this same company and gave him ten dollars to pay for it, telling Tubbs they would get some girls and drive around and have a good time. If at this time there was in the mind of appellant and Robinson any fraudulent intent to convert the car when obtained Tubbs does not seem to have known anything about it. He did secure the car, signed the rental contract with the Auto Livery Company, and picked up appellant and Robinson where they were waiting for him within a short distance of the place where he had secured the car. After driving around a while Tubbs left the car and went in the house to see some girls, leaving the car in possession of appellant and Robinson. This was the last time Tubbs ever saw the car until it was recovered in Port Arthur, Texas, where it had been driven by appellant and Robinson.

The motion is based almost entirely upon the case of Calkins v. State, 34 Tex. Cr. R. 251, 29 S. W. 1081, and proceeds upon the theory that appellant can not be held guilty of theft as bailee because as contended he was not a "party" to the contract of bailment. An expression in the opinion in the case referred to when read without regard to the facts of that case would support appellant's contention. Calkins did not sign the contract, and it does not appear from the facts that Thompson who did sign it was Calkins' agent, or had been induced to sign by any act on the part of Calkins. Therefore,

he was not a party to the contract either by signing or by inducement. From the facts revealed in the present record Tubbs was acting for appellant and Robinson and made the contract with the Auto Livery Company for their benefit.

Where a party is sought to be held as a principal offender it is not ordinarily necessary to allege those facts which make him a principal if in fact the offense was committed by the hand of another, but it is only necessary to charge the party prosecuted as a principal and prove those facts which constitute him such.

In the civil law an undisclosed principal may be liable upon a contract executed by an agent in his behalf. It is very well stated in Corpus Juris, Vol. 2, Sec. 522, under the subject of Agency, as follows:

"As has been seen in another connection, an agent who enters into contractual relations on behalf of an undisclosed principal may be held liable by the person with whom he deals, as though he himself were in fact the principal. The liability of the agent is not, however, exclusive, for, although the third person extended credit to the agent in ignorance of the fact that the latter was acting in a representative capacity, he may elect to hold the undisclosed principal when discovered, it being a firmly established rule that an undisclosed principal is bound by executory simple contracts made by the agent, and by acts done by the agent in relation thereto, within the scope of his authority and in the course of his employment, although the contract purports to be the individual contract of the agent, and although the third person had previously refused to enter into contractual relations with the principal."

See Sessums, et al. v. Henry, et al., 38 Texas Reports, 37; other Texas cases will be found cited in Green's Complete Texas Digest, Vol. 4, page 9098. Appellant and Robinson under the circumstances of this case might have been liable upon the contract which was in fact signed only by Tubbs, because in truth and in fact they were parties thereto, acting through Tubbs as their agent. If appellant and Robinson entertained a fraudulent purpose at the time the car was secured by Tubbs for them they were acting through him, an innocent agent, to secure possession of the car which they later fraudulently converted. (See Art. 68, P. C.)

Under the facts here presented we think the Calkins case is not controlling. Of course, it would be controlling if Tubbs had rented the automobile without the knowledge of appellant and Robinson; or if upon his own initiative he had rented the car, even with their

knowledge; but here they were really parties to the contract, being the moving spirits in securing the rental of the car through Tubbs.

The motion for rehearing is overruled.

*Overruled.*