SMITH v. MOORE.

1. PARTIES: *Construction of statute.*

By the statute (*Mansf. Dig., secs. 4945, 4946*) , which provides that " the court may determine any controversy between parties before it when it can be done without prejudice to the rights of others," and that " where, in an action for the recovery of real or personal property, any person having an interest in the property applies to be made a party, the court may order it to be done," it is obviously intended to require all persons to be made parties to an action, who will be necessarily and materially affected by its result, and to forbid the court from determining any controversy between the parties before it, when it cannot be done without prejudice to the rights of others or by saving their rights.

2. SAME: *In action to recover mortgaged chattel.*

In an action by a trustee under a chattel mortgage, against the mortgagor, to recover the mortgaged property, a trustee, claiming the property under a prior mortgage, and who was also surety for the defendant in a bond executed to retain possession of the property, was a necessary party.

APPEAL from *Lee* Circuit Court.

M. T. SANDERS, Judge.

*Tappan & Horner* for appellant.

Appellant had a right to be made a party to the suit. *Mansf. Dig.*, *sec. 4946; 33 Ark., 611; 34 id., 528; 36 id., 474; 45 id., 374.*

*James P. Clark* for appellee.

There is no place for a third party claiming under an independent and distinct title, to interplead in a replevin suit, after the defendant has given the statutory retaining bond, and the property taken from his possession, restored to him under *section 5581 Mansf. Dig.* Such an interplea cannot be entertained since the custody of the property, so far as the right and title of the interpleader is concerned, is with the original defendant, and a new and direct action may be brought against him for its recovery. *Mansf. Dig., sec. 4946*, has no application in such cases. *28 Ark., 151.*

The right of appellee to bring his action against the defendant in possession after default was not impaired by the fact that the property was subject to a prior lien, for a second mortgagee is entitled to possession against all the world except the first mortgagee. *Jones Ch. Mortg., sec. 497; 13 Wis., 172; 49 Me., 34; 107 Mass. 125.*

Appellant should have brought his action directly against the defendant in possession. *24 Ark., 216.*

The interpleader did not comply with *section 5583 Mansf. Dig.*

BATTLE, J. On the 17th of April, 1885, one J. F. Asher executed and delivered to the appellant, Smith, a deed of trust whereby he conveyed certain personal property and crops to secure an indebtedness owing to one L. A. Fitzpatrick, and

payable on the 15th of October, 1885.   On the same day he also executed and delivered to the appellee, Frierson Moore, a deed of trust whereby he conveyed the same property to secure an indebtedness due and payable to John P. Moore on the first of November, 1885.   The deed to Smith was first filed for record in the county wherein the grantor resided, and the lien thereof became prior in law to that of the deed to Moore.   Asher made default in the payments secured by these deeds and was permitted to remain in possession of the property thereby conveyed.   This default continued until the 22d of February, 1886, when Frierson Moore brought this action against Asher, in the Lee Circuit Court, to recover possession of certain of the property conveyed in trust to him.   He executed to the proper officer the bond required by law, and the officer in accordance with the order of delivery in his hands, took from the possession of the defendant, Asher, seven mules and one thousand bushels of corn, and upon the execution of a bond to the plaintiff by John C. O. Smith and L. A. Fitzpatrick, sureties, "to the effect that the defendant shall perform the judgment of the court in the action," the property was released from the custody of the officer and delivered to Smith by the direction of the defendant Asher.   On the 28th o March, 1886, Smith filed an application to be made a party, and therein alleged that, on the 17th of April, 1885, the defendant, Asher, executed to him a trust deed of the property seized by the Sheriff under the order of delivery issued in this action; that the lien of the conveyance to him was prior to that under which plaintiff claimed the right of recovery; that by virtue of the deed to him he was the owner of the property in controversy and entitled to the possession of the same; and that there was at that time pending in the Phillips Circuit Court another suit for the same cause of action and between the same parties.   On the 28th of April, 1886, the application of Smith came on for hearing, and, on the objection of the plaintiff, the

court refused to make him a party and struck his application from the files of the court. Thereupon, judgment by default was rendered against the defendant in favor of the plaintiff for the recovery of the property restored to him by the officer, and against him and Smith and Fitzpatrick on his retaining bond for the value of each of the articles of property so restored, to be collected in the event defendant failed to deliver the same to the Sheriff. Smith filed a motion for a new trial, saved exceptions and appealed to this court.

There is no question raised here as to the right of Smith to appeal from the judgment of the court refusing to make him a party to this action and striking from the files of the court his application to be made a party. The only question is, ought the court to have made Smith a party?

The statutes of this State provide that "the court may de- **1. Parties:** termine any controversy between parties before it, when it can **Construction** be done without prejudice to the rights of others;" and that **of statute.** "where, in an action for the recovery of real or personal property, any person having an interest in the property applies to be made a party the court may order it to be done." From these provisions of the statute it is clear that it is within the discretion of the court, in an action for the recovery of real or personal property, to order any person having an interest in the property to be made a party when he applies and asks that it be done. But this discretion is limited by the right to determine the controversy between the parties already before the court. The obvious intention of the statute is to require all persons to be made parties to an action who will be necessarily and materially affected by its result, and to forbid the court from determining any controversy between the parties before it, when it cannot be done without prejudice to the rights of others, or by saving their rights. In such cases it is the duty of the court to allow such persons to be made parties to the end that they may protect their interests.

**2. SAME:**
In action to
to recover mort-
gaged chattel.

Could the court, in this action, have determined the con-troversy between the parties before it, without injury to the rights of Smith? Smith and Moore claimed possession of the property in controversy under Asher. As between these parties Smith was entitled to the possession. He was a surety on the bond of Asher, which was given to retain possession of the property. After the execution of the bond, the Sheriff, at the request of Asher, delivered the property to him. He was entitled to retain that possession. But what was the necessary result of not making him a party? It was, Moore recovered judgment against him and Asher upon the bond for the value of the property not delivered according to the judgment of the court. He will be compelled, if this judgment be permitted to stand, to surrender the possession he is entitled to, or in the event the property has perished or been consumed, to pay its value as ascertained by the court, notwithstanding his lien on it is superior to that under which plaintiff claims. It was necessary, then, for Smith to have been made a party in order to protect his rights.

The judgment of the court below is, therefore, reversed, and this cause is remanded with instructions to the court to make Smith a party, and for other proceedings.