WESTMORELAND *v.* PLANT.

Opinion delivered February 1, 1909.

1. EJECTMENT—PARTIES.—Where an answer in ejectment stated that strangers to the suit were interested in the land, and the evidence tended to support the statement, such persons should have been made parties to the action. (Page 150.)

2. INSTRUCTIONS—RELEVANCY TO ISSUES.—An instruction which permitted a recovery upon an issue not in the case was erroneous and prejudicial. (Page 150.)

3. EJECTMENT—VARIANCE.—Where a complaint in ejectment alleges title in plaintiff's grantor by adverse possession, proof tending to show title by deed in such grantor is variant. (Page 150.)

4. ESTOPPEL—SILENCE.—An instruction in an ejectment suit that if defendant was present and assisted his brother in making deed to plaintiff with the knowledge that plaintiff's interest in the land was being conveyed thereby, and did not assert an interest therein, he would be estopped from subsequently asserting it was improperly given where plaintiff received the deed as a gift, and is not shown to have changed her position in any way in reliance upon the deed. (Page 151.)

Appeal from Jackson Circuit Court; *Eugene Lankford,* Judge; reversed.

*Stuckey & Stuckey* and *O. W. Scarborough,* for appellant.

1. All the heirs should have been made parties. Kirby's Digest, § 6011; 41 Ark. 88; 49 *Id.* 100.

2. It was error to admit the testimony of C. F. Plant, and the error was not cured by the ruling of the court. 8 Ark. 204; 13 *Id.* 496; *Ib.* 125; 45 *Id.* 81; 57 *Id.* 81; 82 *Id.* 553.

3. The deed from W. J. Westmoreland was a gift, and defendant was under no obligation to speak, for she was not parting with anything of value, or surrendering any rights, nor was she misled to her prejudice. 36 Ark. 96; 33 *Id.* 465; 53 *Id.* 196; 56 *Id.* 380; 54 *Id.* 465.

*Jones & Mack,* for appellee.

1. Persons having an interest should apply to be made parties. Kirby's Digest, § § 6005-6. But no one claims an interest here except appellant. 49 Ark. 100, 103.

2. The appellant cannot complain of instructions given over plaintiff's objection.

3. The family agreement was not proved, and possession for the statutory period under a deed is sufficient, and especially where there is descent cast. 33 Ark. 150; 31 *Id.* 334, 336; 64 *Id.* 100. Plaintiff's ancestor died in possession.

HILL, C. J. Josephine E. Plant filed an ejectment suit against J. M. Westmoreland and J. E. Britton, a tenant, in which she alleged that on, and for seven years continuously preceding, December 5, 1901, W. J. Westmoreland was the owner and in possession of the lands described in the complaint, and that on that date he executed and delivered to the plaintiff a deed conveying same to her; and that W. J. Westmoreland was in possession of said premises on and prior to the date of the deed, and his possession was actual, open, notorious, adverse,

peaceable and continuous for more than seven years during which he claimed it as his own. That the defendants were in the unlawful possession of the premises, and have been for four years last passed. She sued for the recovery thereof and of the rents, and attached as an exhibit to the complaint the deed from W. J. Westmoreland to her, as described in the complaint.

J. M. Westmoreland answered and denied that W. J. Westmoreland was the owner of the property, and denied that for seven years preceding the deed to the plaintiff he had held open, adverse and notorious possession of the same. By way of cross-complaint, he alleged that his father, William Westmoreland, died on the 21st of June, 1877, seized in fee simple and in possession of the property. That he occupied said property with his family as a homestead from the 23d of September, 1867, until his death, and that he left as his heirs at law six children, who were named in said cross-complaint; and alleged that it was mutually agreed by said heirs, after the death of their father, that W. J. Westmoreland should retain possession of the land for and during his life, to pay the taxes and make and keep up the improvements thereon; that it was only under such agreement that W. J. Westmoreland held possession of the premises. That he died on the 3d of November, 1902, without issue and intestate. He then alleged the death of some of the children of William Westmoreland, and set forth who their heirs were. He alleged that he was in possession of the land, and was the owner of an undivided one-sixth interest therein, other interests being owned by the said respective children of William Westmoreland and their descendants, all therein set out. He alleged that the plaintiff was the owner of an undivided one-sixth interest, being the part of W. J. Westmoreland, acquired through the deed set forth in the complaint. He asked that the cause be transferred to equity, and all the parties brought in, and guardians *ad litem* appointed for the minors, and that the land be partitioned according to their respective interests.

Plaintiff filed a reply to the cross-complaint, taking issue on the material matters therein alleged. Other matters were set up in an amended answer, but the above sufficiently defines the issues in order to determine this appeal.

There was evidence adduced tending to prove that the plain-

tiff was raised by W. J. Westmoreland, and that sometime before his death he stated to his brother, the defendant, that he desired to give his property to her, and through the assistance of his brother had the deed made to her. There was evidence tending to prove the allegations of the complaint that W. J. Westmoreland had held the property adversely and acquired the title thereto. On the other hand, there was evidence tending to prove a family agreement, and that his possession was not hostile to that of his brothers and sisters.

Section 6011 of Kirby's Digest contemplates that controversies be determined as an entirety and not by piecemeal. If the allegations of the answer are true—and there was evidence tending to support them—this controversy could not be completely determined without bringing in the heirs of William Westmoreland. If the allegations of the complaint were true, they were unnecessary parties thereto; but a judgment between these parties would not be binding upon the others, and the controversy might be reopened. Therefore, it is better in such matters to bring all the parties before the court, so that the controversy may be completely determined in one suit.

The plaintiff introduced the testimony of a witness to prove that W. J. Westmoreland held the land under a deed from one Plant. Objection was made to the evidence of the deed and the evidence of putting Westmoreland in possession under the deed. After hearing the evidence, the court said: "The testimony about the deed will be excluded and the testimony about the purchase of the land by Westmoreland," and held the plaintiff could not show the purchase. The plaintiff excepted to these rulings, which held her to proving title by possession as alleged in the complaint. The court was right in this ruling. The title pleaded was a title based upon adverse possession of the land by W. J. Westmoreland and the deed from him to the plaintiff. Defendant was called to answer that suit, and was not required to answer or defend a suit based upon the title derived from the deed by Plant, or possession under that deed. But the court gave an instruction to the jury that if it found that Westmoreland went into possession under purchase from Plant, they should find for the plaintiff.

This was permitting a recovery upon an issue not in the

case, and which could not properly be brought into the case, because it had not been properly pleaded, and evidence to sustain it was objected to and excluded. This court cannot tell whether the verdict was based upon this improper issue or upon proper issues.

The court gave an instruction to the effect that if the defendant, J. M. Westmoreland, was present and assisted his brother in making the deed to the plaintiff with the knowledge that the lands were being conveyed thereby, and did not assert an interest therein, he would be estopped from asserting it now. This deed of W. J. Westmoreland to Miss Plant was a gift, and she is not shown to have changed her position in any way in reliance upon it, and the action of J. M. Westmoreland in assisting to or procuring its execution did not affect her rights.

For the errors in giving the instructions heretofore indicated, the judgment is reversed, and the cause remanded for new trial.