### F. E. CREALE v. THE STATE.

No. 2470.  Decided May 21, 1913.

Rehearing denied June 11, 1913.

**1.—Theft—Intimidation—Witness.**

Where, upon cross-examination, the main State's witness testified that she had first declined to file a complaint against defendant, there was no error in permitting the State to show that from the words and conduct of defendant she was prevented from doing so through fear.

**2.—Same—Remarks by Judge—Presence and Hearing of Jury.**

Where the bill of exceptions failed to show that the remarks by the judge to which objections were made were made in the presence and hearing of the jury, but disclosed that they were only made in the presence of the jury, that the judge believed the jury did not hear them, there was no error.

**3.—Same—Evidence—Intent.**

Where, upon trial of theft of rings, defendant admitted that they were the property of the prosecutrix, but that he had pounded them with her consent, it was immaterial what he intended to do after he had pounded them, and there was no error in the court's refusal to permit him to testify that he intended to pay the prosecutrix for the rings and that he did not have the money to redeem them.

**4.—Same—Evidence—Declarations of Defendant.**

Where, upon trial of theft, defendant admitted that the alleged stolen rings belonged to the prosecutrix; that he had never claimed them and pounded them with her consent, there was no error in permitting the State to show that when he offered to pound them he claimed them as his own.

**5.—Same—Different Counts in the Indictment.**

Where defendant was indicted under two different counts and both of which were submitted and convicted under the one of theft as bailee, complaints as to the other count need not be considered on appeal, the court correctly submitting the law on bailments.

**6.—Same—Bailment—Embezzlement—Theft.**

While the dividing line between embezzlement and theft by bailee is difficult to distinguish at times, yet where in the instant case, the evidence justified a conviction for theft by bailee, there was no error. Referring to Butler v. State, 49 Texas Crim. Rep., 159.

**7.—Same—Theft from the Person—Charge of Court.**

Where, upon charge of theft as bailee, the evidence did not raise the issue of theft from the person, there was no error in the court's failure to charge thereon.

**8.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of theft as bailee, the evidence was direct, there was no error in the court's failure to charge on circumstantial evidence.

**9.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft as bailee, the evidence sustained the conviction on a proper charge of the court, there was no error.

Appeal from the District Court of Johnson. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of theft as bailee; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*O. T. Plummer,* for appellant.—On question of insufficiency of indictment: Reed v. State, 16 Texas Crim. App., 586; Harrison v. State, 60 S. W. Rep., 963; Piper v. State, 56 Texas Crim. Rep., 121, 119 S. W. Rep., 869.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of refusing defendant to show that he expected to pay prosecutrix for the alleged stolen property: Taylor v. State, 50 Texas Crim. Rep., 377.

HARPER, JUDGE.—Appellant was convicted of theft of three diamonds, the property of Mrs. Nora Kilman, as bailee, and his punishment assessed at two years confinement in the State penitentiary.

Mrs. Kilman testified that appellant had visited her on a number of occasions, and one night they were seated on the lawn, and he looked at the diamonds on her fingers and said the prongs needed tightening around the sets, and if she would let him have them he would have it done for her. She stated she could have it done herself, and he caught hold of her hand, pulled off the rings, and insisted on having the work done; that she objected, but he kept the diamonds. He did not have the diamonds reset but pawned them to Mr. Young for $100, without her knowledge or consent. Appellant testified that he did not take the diamonds off of Mrs. Kilman's hand, and he did not promise to have them repaired. That they were engaged to be married, and he told her he would have to go to El Paso to raise some money he needed. She did not want him to go, and asked how much money he needed, and he told her $100, and she pulled the rings off her fingers and gave them to him

and instructed him to raise the money he needed on them, and not to go to El Paso, and this he did do. So it may be stated to be an unquestioned fact that the rings were Mrs. Kilman's, and that appellant pawned them with Mr. Young, the contested issue being whether or not the rings were pawned with her permission or her consent, and this it may be stated some of the facts and circumstances tend to prove each theory of the case. So we would not disturb the verdict on the evidence.

In bill of exceptions No. 1 it is shown that among other things Mrs. Kilman testified that she did not have him arrested when she first learned the diamonds had been pawned, because appellant "told me there was no use to send an officer after him because he said he was a Mason and they would not do anything with him"; and further stated if she did anything to him about these rings he would kill her; that he had friends who are members of a gang in Chicago who have put people out of the way for him, and that "Gyp the Blood" was leader of the gang; that he would bribe a man to get her brother away from home, and that he would hound her mother the longest day she lived. He also stated that if she would not do anything he was expecting a check and as soon as it came he would redeem the rings and return them to her. The court, in approving the bill, states that on cross-examination appellant had developed the fact she had not promptly had him arrested, and questioned her in regard thereto. They also introduced evidence that Mrs. Kilman at first declined to file a complaint against appellant, having cross-examined her in regard to it. Under such circumstances it was permissible for the State to show that from the words and conduct of appellant that she was prevented through fear, etc.

The next bill complains of some remarks made by the judge in ruling on the admissibility of a bill of sale offered in evidence. The remarks made were highly improper if heard by the jury, but the court in approving the bill states: "The above bill is approved with the explanation that this bill does not claim that the court's remarks were heard by the jury, but merely says that it was made in the presence of the jury. The remarks of the court were made to the attorneys and were not intended to be heard by the jury, and I do not believe they were." The court is correct that the bill only states that the statement was made "in the presence of the jury." We can not and do not know the arrangement of the District Court-room of the courthouse, in Johnson County, how loudly the words were spoken by the court, and whether or not the jury heard them. The bill to have properly presented the question should have stated, if true, that the remarks were made in the presence and *hearing* of the jury. As presented by the bill and approved by the court, we can not say there was any error prejudicial to defendant, for if the jury did not hear the remarks, certainly appellant was in no way injured.

It was immaterial as to whether or not appellant intended to pay Mrs. Kilman for the rings, and the court did not err in refusing to permit him to so testify. He did not claim, and there is no testimony

that he purchased the rings on credit. He admitted they were her rings, but he said he pawned them with her consent. The question was whether or not this was true, and if not true, it would be immaterial what he intended to do after he had pawned them. If he did not have her consent, either express or implied, the offense was complete when he pawned them. And it was not a material inquiry as to whether or not he had the money to redeem them since he had pawned them. The fact that he would have answered that he had not had the money to do so would be immaterial. If his theory of the case was true, he committed no offense, if he never redeemed the rings, that is, he had her consent to pledge them. If the State's theory, as testified to by Mrs. Kilman, is true, he became guilty when he pledged them to Mr. Young and secured the money on them, and testimony of matters subsequent to that event would only be admissible when they threw or tended to throw light on the transaction as it occurred at the time of its occurrence.

It was permissible for the State to show that he offered to pawn the rings to J. B. Long, and claimed them as his own at the time he did so, and the circumstances attending such offer. Appellant admitted the rings belonged to Mrs. Kilman and testified that he had never claimed them as his own. Under such circumstances the testimony of Mr. Long became material to the issues of the case.

There were two counts in the indictment, one charging theft by fraudulent taking, and the other theft by bailee. Both counts were submitted to the jury, and he was convicted under the second count as bailee. So the matter complained of as to the first count need not be considered, and on the second count the court charged the jury:

"If you have acquitted the defendant under the above instructions, then you will next inquire whether or not the defendant is guilty of theft as a bailee, and as to that offense you are instructed:

"That a bailment means a delivery of personal property to another person for a special purpose, upon a contract or agreement, either express or implied, that such agreement would be carried out by the party who receives the property, and where such person shall, without the consent of the owner, fraudulently convert, sell or pawn such personal property to his own use with the intent to deprive the owner of the value of the same, he would be guilty of theft as a bailee and shall be punished as in theft of like property.

"Now if you believe from the evidence beyond a reasonable doubt that the defendant, F. E. Creale, in Johnson County, Texas, on or about the date alleged in the indictment did obtain the possession of the three diamond rings from Mrs. Nora Kilman and that she was the owner and had possession of said rings at the time and that the defendant obtained possession of said rings by borrowing them and by agreeing with Mrs. Nora Kilman to have the diamonds in said rings tightened or fastened in the clamps or to the rings, and that defendant fraudulently converted said rings to his own use without her consent and with

the intent to deprive the said owner of the value of the same, then if you so believe you will convict the defendant of theft as a bailee and assess his punishment at confinement in the State penitentiary for not less than two and not more than ten years.

"If you believe from the evidence that Mrs. Nora Kilman delivered said rings to the defendant for the purpose of allowing the defendant to get money on them for his own use, or if you have a reasonable doubt thereof, then you will find the defendant not guilty.

"The burden of proof in this case is upon the State throughout and the defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and if you have a reasonable doubt of the guilt of the defendant, you will acquit him."

The first complaint of this charge is that there is no evidence to base the second paragraph hereinabove copied upon. Under Mrs. Kilman's testimony, that after she had refused to let appellant have the rings to have them repaired, that he then took them from her fingers and said he would have them repaired and return them; and the further fact that they that night went to the picture show together would show an implied consent to that arrangement, and the issue is raised by the testimony.

The next complaint is that the paragraph is not the law in that if appellant borrowed or took the rings to have them repaired for Mrs. Kilman, that it was a benefit to her and not to him, and this in law would constitute embezzlement and not theft by bailee. The true dividing line between embezzlement and theft by bailee in this character of case is hardly distinguishable under our statutes on this subject. Under the authority of Buttler v. State, 49 Texas Crim. Rep., 159, the facts would clearly make it a case of theft by bailee, but it is true that in that case the question of whether it would be embezzlement and not theft from the person seems not to have been discussed. To put the matter as contended by appellant, the most that can be said is that he was engaged to be married to Mrs. Kilman; he was not her agent, employe nor her servant, nor did any relation exist that would render him legally liable to perform any duty for her. If he got the rings, it was with her consent to pawn or pledge them for money for himself, or her implied consent to have them repaired. She requested him to perform no duty, constituted him her agent in no sense, but at most impliedly acquiesced in his performing a service he voluntarily proposed to perform. Under such circumstances we think a conviction for theft by bailee can be sustained.

Appellant next raises the question that the facts present the issue of theft from the person,—that the rings were so suddenly taken as to prevent resistance, and asked a special charge in regard thereto. The facts would not sustain a conviction for that offense, and the court did not err in refusing this special charge. As stated before, the dividing line of a number of these kindred offenses is not made very clear by the

statutes and the decisions thereunder, but we do not feel called upon to discuss them, as under no construction of the statute under the evidence in this case could a conviction for taking so suddenly as not to allow time to make resistance be sustained.

There was no necessity to charge on circumstantial evidence. There was no doubt that appellant procured the rings from Mrs. Kilman; there is no doubt that he pledged them to Mr. Young, and while there is a sharp conflict as to whether or not his acts in pledging the rings was or was not with her consent, yet this conflict in the testimony did not call for such a charge.

We have herein discussed all matters presented by the record and complained of by appellant in a way we could consider them, and as stated before, there is a sharp conflict in the testimony as to the real issue in the case, and a fair and impartial jury would have been justified in believing his theory, yet they did not do so, but accepted the evidence offered in behalf of the State as presenting the real facts, and they found this to be true beyond a reasonable doubt, and if true, it fully sustains the verdict, and the judgment will be affirmed.

*Affirmed.*

[Rehearing denied June 11, 1913.—Reporter.]