WESTERN UNION TELEGRAPH COMPANY *v.* WILSON.

Opinion delivered October 5, 1914.

TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE—ABSTRACT INSTRUC-
TION.—In an action against a telegraph company for damages for
failure to deliver a message, where the addressee was at a sani-
tarium beyond the free delivery limits of the telegraph company,
and there was no evidence of any telephone connection between the
telegraph office and the sanitarium, an instruction is abstract and
prejudicial which tells the jury that the defendant is liable, if its
office was connected with the sanitarium by telephone, and by the
exercise of reasonable care and diligence, defendant could have
ascertained that plaintiff was at the sanitarium, and, could have
delivered the message to him. .

Appeal from Logan Circuit Court, Southern Dis-
trict; *Jeptha H. Evans,* Judge; reversed.

STATEMENT BY THE COURT.

Appellee, who was the plaintiff below, alleged in his
complaint that on October 26, 1913, a telegram was deliv-
ered to defendant at Casa, Arkansas, directed to him at
Booneville, Arkansas, care of sanitarium, advising him
that his wife, then at Nimrod, Arkansas, was very ill, not
expected to live, and if he wanted to see her he must come
at once; that the message was not delivered by defendant
within a reasonable time, or at any time; that on the day
on which this message was delivered to defendant its
office was closed from 1 P. M. to 4:30 P. M. of that day, and
this failure to keep its office open was alleged to be neg-
lect on the part of defendant. That his wife died on
Monday morning, October 27; that if defendant had kept
its office at Casa open between 1 P. M. and 4:30 P. M. Octo-
ber 26, it could have transmitted said message and deliv-
ered it to him in time for him to have reached his wife
while she was still conscious; that if said message had
been properly transmitted and delivered after its receipt
by defendant, plaintiff could, and would, have attended
his wife in her last hours and ministered to her, and that
by reason of defendant's failure to maintain and keep
its office open at Casa and by defendant's failure to trans-
mit and deliver said message to him he was deprived of

the privilege of attending his wife in her last hours, whereby he suffered great grief and mental anguish, to his damage in the sum of $1,500, for which amount he prayed judgment.

The answer denied all the material allegations of the complaint, and set up that October 26, 1913, was Sunday, and that its regular office hours at that office on Sunday did not require it to keep said office open between 1 P. M. and 4:30 P. M.

The sanitarium referred to, and in care of which the message was alleged to have been sent, was the State sanitarium for the treatment of tuberculosis, situated about three and one-half miles from Booneville, and appellee at the time was a patient at that institution.

The message in question was dictated by a witness named Phillips to his wife, and this witness testified that he, as well as his wife, knew that appellee was at this institution and that he directed her to address the telegram in care of that institution. This witness was a blind man and did not know whether his wife followed his directions about addressing the telegram or not, although he was very positive that he gave her this express direction. The message was written on a piece of tablet paper, and was given to a son of this blind man, and this son testified that he delivered the message to the defendant's agent at Casa just as it was written by his mother, but he did not know whether the message was addressed to the care of the sanitarium or not.

Mrs. Phillips did not testify at all, but the defendant's agent at Casa did testify, and his testimony was to the effect that when the message was delivered to him he immediately copied it on one of the blanks provided by the company for that purpose, and that he copied it accurately, and this copy, which he produced at the trial, did not have the name of the sanitarium on it. The original of this telegram had been lost and was not produced at the trial.

It is undisputed that the telegram as received at Booneville did not contain the name of the sanitarium as

a part of the address, and the evidence on the part of the appellant was to the effect that it had used due diligence in attempting to ascertain the whereabouts of appellee and to deliver the message to him. There was some conflict in the evidence as to the diligence and care used by appellant's employees at Booneville in their attempt to deliver this telegram and in regard to a custom of appellant with reference to delivering telegrams to patients and others at the sanitarium. In this connection, a witness testified that the sanitarium had telephone connection with Booneville, but no witness testified that there was any such connection between the telegraph office and the sanitarium.

It was undisputed that this message was received on Sunday, and at appellant's request the court instructed the jury that appellant was not required by law to keep its office at Casa open on Sundays from 1 P. M. to 4:30 P. M., and that question thus passed out of the case.

A number of instructions were asked by appellant, several of which were given, while others were refused, and appellant assigns as error the action of the court in refusing to give its requested instructions which were refused. We do not set out these instructions because we think the court committed no error in this respect, as the instructions which were given submitted to the jury a fair statement of the law applicable to appellant's defense.

The court gave the following instruction, among others, on its own motion:

"The rule of the company, given in evidence, establishing free delivery limits, is reasonable, but if the defendant's office in Booneville was connected by telephone with the sanitarium, and it knew, or, by the exercise of reasonable care and diligence could have ascertained, that the plaintiff was at the sanitarium, and could have, from its office in Booneville, delivered the telegram to plaintiff at the sanitarium, defendant should have done so."

Appellee recovered judgment for $750, and this appeal has been duly prosecuted.

*Robert J. White,* for appellee.

SMITH, J., (after stating the facts). The instruction above set out was the only instruction given by the court defining the conditions under which appellee might recover, and it must, therefore, necessarily be true that the jury's verdict was based upon this instruction.

There was no evidence to the effect that there was telephone connection between the telegraph office and the sanitarium, and the instruction was, therefore, abstract and prejudicial, and the action of the court in giving it was error, which calls for the reversal of the case. *Westmoreland* v. *Plant,* 89 Ark. 147. The judgment is, therefore, reversed, and the cause will be remanded for a new trial.