TRAVELERS INS. CO. *v.* CARGILE MOTOR CO.

5-1630                                        317 S. W. 2d 126

Opinion delivered November 3, 1958.

*Van Johnson* and *Atchley & Russell,* by *Howard Waldrop,* Texarkana, Tex., for appellant.

*Arnold & Arnold, John O. Moore,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal challenges a judgment which appellee, Cargile Motor Company (hereinafter called "Cargile"), recovered against Travelers Insurance Company (hereinafter called "Travelers") on an insurance policy issued by Travelers in which Cargile was named as the lien holder.

In February 1957 Cargile sold a new automobile to Dr. Frankenstein, and the unpaid balance was in excess of $2,400.00. Travelers issued a comprehensive insurance policy to Dr. Frankenstein which, *inter alia,* protected him and Cargile against theft or larceny. In the endorsement on the policy Cargile was named as lien holder, and the germane portion of the endorsement reads:

"Loss or damage, if any, under the policy shall be payable as interest may appear to Cargile Motor Company, lien holder, and this insurance as to the interest of the . . . Conditional Vendor or Mortgagee (herein called the Lienholder) shall not be invalidated by any act or neglect of the . . . Owner of the within described automobile nor by any change in the title or ownership of the property; . . . "

Dr. Frankenstein, aged 80, was an optometrist in Texarkana, Texas, and a young lady working for him, named Pat Blood, was approximately 20 years of age. Dr. Frankenstein allowed her to have possession of the car and to drive it, as part of her duties were to keep the books and collect accounts. In April, 1957 there was a "falling out" between Dr. Frankenstein and Pat Blood. He demanded and received the return from her of his fur stole and a diamond ring. He also demanded the automobile; and she refused because she claimed that he had given the car to her. However, she did give him one set of car keys but kept another set and continued to drive the car. Some time thereafter she left Texarkana with the car and Dr. Frankenstein advised the police that she had gone off with the car after he had demanded its return. It was about May 1st when Pat Blood left Texarkana with the car. She has never returned. Cargile and Dr. Frankenstein filed claim against Travelers for recovery on the policy, claiming that Pat Blood had stolen the car. Travelers denied liability; and trial to a jury resulted in special verdicts (as hereinafter discussed) on which the Court rendered judgment for Cargile against Travelers for $2,501.48, with interest, as the balance due Cargile on its lien claim. Travelers has appealed, presenting among other things, the matters herein discussed:

I. *Refusal to Make Pat Blood A Party Defendant.* Relying on § 27-814 Ark. Stats., Travelers moved the Trial Court to make Pat Blood a party defendant, but the motion was refused; and Travelers claims the following cases as requiring such joinder: *Smith* v. *Moore,* 49 Ark. 100, 4 S. W. 282; *Choctaw O. & G. RR.* v. *Mc-*

*Connell,* 74 Ark. 54, 84 S. W. 1043; and *Westmoreland* v. *Plant,* 89 Ark. 147, 116 S. W. 188. In *Smith* v. *Moore* (*supra*), the effort was to recover a mortgaged chattel and an adverse claimant was held to be a necessary party. In *C. O. & G. RR.* v. *McConnell* (*supra*), it was shown that other persons were claiming the fund in controversy and we held that such other claimants should be made parties. The case of *Westmoreland* v. *Plant* (*supra*) was an ejectment action and claimants claimed only a half interest in the land. We held that the persons claiming the other interest should be made parties.

In the case at bar, Cargile was not seeking to recover the automobile but was seeking to recover from Travelers on an insurance policy on the claim that Pat Blood had stolen the car. The cited cases do not justify a holding that the alleged thief is a necessary party defendant in a suit on an insurance policy. The Trial Court refused Travelers motion, stating, *inter alia,* ". . . that the primary subject matter of this lawsuit is the determination of alleged liability of the defendant under an insurance policy; that Pat Blood is not in any manner a party to, or interested in, said contract of insurance." The Trial Court was correct, because it was not claimed that Pat Blood had any interest whatsoever in the insurance policy sued on.

II. *No Theft Of The Car.* Travelers maintained below, and stoutly insists here, that there was no theft of the car within the coverage of the policy. The parties stipulated in open Court that the policy was written under the laws of Texas and that the effect of whatever "taking" there had been by Pat Blood was to be determined under the laws of Texas; so we examine the statutes and cases of that State. Section 1429 of the Texas Penal Code[1] involves conversion by a bailee and says:

"Any person having possession of personal property of another by virtue of a contract of hiring or

---

[1] All citations to the Texas Penal Code are to the sections as numbered in Vernon's Penal Code of the State of Texas, Annotated, published in 1953.

borrowing, or other bailment, who shall without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of the same, shall be guilty of theft, and shall be punished as for theft of like property.''

Article 1534 of Vernon's Penal Code on Embezzlement says, ''If any . . . employee of any private person, . . . or any . . . bailee of . . . property, shall embezzle, fraudulently misapply or convert to his own use, without the consent of his . . . employer, any . . . property of such . . . employer which may have come into his possession or be under his care by virtue of such . . . employment, he shall be punished in the same manner as if he had committed a theft of such . . . property.'' A fraudulent conversion of property bailed constitutes theft under § 1429 of the Penal Code. See *Malz* v. *State*, 36 Tex. Cr. R. 447, 37 S. W. 748; and *Creale* v. *State*, 71 Tex. Cr. R. 9, 158 S. W. 268. The opinion of Justice MEADE F. GRIFFIN of the Supreme Court of Texas in *Hall* v. *Great Nat. Lloyd's*, 154 Tex. 200, 275 S. W. 2d 88, is apropos.

From the Texas statutes and cases we reach the conclusion that if Pat Blood fraudulently converted the car to her own use there was a theft within the meaning of the policy; and it became a question of fact as to whether Pat Blood had fraudulently converted the car to her own use.

III. *Sufficiency Of The Evidence.* Travelers earnestly insists that there was no evidence to show that Pat Blood had fraudulently converted the car to her own use; and points out that Dr. Frankenstein never sued out a warrant of arrest for Pat Blood when she refused to return the car to him or when she left with the car. It is the strong contention of Travelers that Dr. Frankenstein gave the car to Pat Blood.

These matters were questions of fact for the jury. Dr. Frankenstein testified that he did not give her the car; that she did give him one set of keys to the car but continued to drive the car; that he advised the police

that she had gone off with the car after he had demanded its return; and that he notified Travelers and Cargile that she had gone off with the car. Dr. Frankenstein testified that he made a statement to the theft bureau and called the Texas police; and "I reported it to the police but they said they didn't want to fool with me . . . " It was shown that a letter written by Cargile to Pat Blood in care of her parents in Troy, New York, was never returned as undelivered. Dr. Frankenstein firmly insisted that he never gave her the car and that she ran away with it.

This testimony, and other in the record, made a question of fact for the jury as to whether Pat Blood was guilty of the theft of the car. If she was, then Cargile is entitled to recover under the wording of the endorsement on the policy because if Pat Blood stole the car, then any failure of Dr. Frankenstein — whether to sue out a warrant of arrest or take other steps — did not prejudice the rights of Cargile. By answering the interrogatories as it did, the jury clearly showed that it believed that Pat Blood had stolen the car.

IV. *Special Issues.* At the close of the case and after giving instructions (which we do not find to be in error) the Court submitted the case to the jury on special interrogatories:[2]

"1. Do you find from a preponderance of the evidence that theft or larceny of the automobile, as those terms have been defined to you, has been committed? You will answer yes or no . . .

"3. What do you find from a preponderance of the evidence to be the fair market value of the automobile on or about May 1, 1957?"

The jury answered Interrogatory No. 1 in the affirmative (thereby finding that there had been a theft of the car); and answered Interrogatory No. 3 by fix-

---

[2] There was an Interrogatory No. 2 which related to whether Dr. Frankenstein had cooperated with the Travelers Insurance Company. The answer to this interrogatory related only to matters between Travelers and Dr. Frankenstein; and this is not before us on this appeal.

ing the value of the car at $2,501.48; and the Court rendered judgment for Cargile against Travelers for said amount with interest and costs. Travelers makes two claims against these special issues. The first is, that if Dr. Frankenstein could not recover, then neither could Cargile recover. But this contention is disposed of by the wording of the endorsement on the policy which we have heretofore copied and which says that the rights of Cargile ". . . shall not be invalidated by any act or neglect of the owner." The other objection to the special interrogatories is the refusal of the Court to give Travelers' requested interrogatory, which reads as follows:

"Do you find from a preponderance of the evidence that Pat Blood had the automobile, the subject of this litigation, in her possession on or about May 1, 1957, under the honest belief that Dr. E. W. Frankenstein had given her the said automobile as a gift? Answer yes or no."

This interrogatory should not have been given. Under the law it is not a question of whether Pat Blood believed that Dr. Frankenstein had given her the car; it was a question whether in fact Dr. Frankenstein had given Pat Blood the car. The Court instructed the jury on all of the essentials of a gift and the issue was sharply drawn, as shown in Topic III *supra,* on the question of the gift. The verdict of the jury settled that question.

Finding no error, the judgment is affirmed.