WYATT *v.* W. B. SMITH HATCHERY, INC.

5-2224                                     339 S. W. 2d 323

Opinion delivered October 24, 1960.

*W. M. Thompson,* for appellants.

*Caldwell T. Bennett,* for appellee.

PAUL WARD, Associate Justice. One of the principal questions involved on this appeal is whether the trial court erred in refusing to allow appellants (defendants below) to join a third party defendant. Correlative to that question is the trial court's refusal to grant a continuance at the request of appellants.

A summary statement of the pleadings and proceedings involved in the litigation will be sufficient for an understanding of the issues hereafter discussed.

On May 22, 1958, appellees, W. B. Smith Hatchery, Inc., filed a complaint against Wayne Wyatt, d/b/a

Wayne Wyatt Co., to collect the sum of $4,879.61 for approximately 25,000 chicks sold to Wyatt at divers times. (Later Wyatt's wife was made a party defendant and hereafter we refer to them as appellants). On June 10, 1958, appellants (by an attorney not now of record) entered a general denial. No further steps were taken until November 17, 1958, when appellants filed an Answer and a Cross-Complaint alleging that they had been damaged in the amount of $5,412.37 because of defective chicks sold to them by appellees or because of defective feed sold to them by the Quaker Oats Company. Among other things, the Answer contained this statement: "That it is true that the plaintiff by its invoices hereinafter set forth sold and delivered to the defendant the following listed checks:" Following the above was listed the same number of chicks as listed in the complaint. Also in their Answer was a statement to the effect that had the chicks been good quality, and had they not been fed poison feed, the profit on their operation would have been in excess of $10,000, and also that the defendants have sued Quaker Oats Company for damages for poison feed, and that their loss was due either to defective chicks furnished by plaintiff or defective feed furnished by the Quaker Oats Company or both and that the Quaker Oats Company should be made a party to this suit or this suit should be consolidated with the suit now pending in the Federal Court in Little Rock. According to the record it was the contention of appellee, concurred in by the trial judge that appellants abandoned their request to have the Quaker Oats Company made a party to the litigation. The present attorney for appellants was of the opinion that no such withdrawal was made.

On April 20, 1959, on Motion by appellants' attorney (who had replaced the former attorney) a continuance was secured until the fall term of court. On October 19, 1959, when the court met in preparation for the opening of the fall term of court to be held on October 27, 1959, the present attorney for appellants (the third attorney to appear for appellants in the case) filed an Amended Answer and Cross-Complaint in which ap-

pellants again requested to have the Quaker Oats Company made a party defendant. After considerable discussion by the attorneys before the trial judge, the court stated that it would allow appellants to bring the Quaker Oats Company into court as a defendant provided they could do so by October 27, 1959, but that no continuance would be granted at that time if they were not successful in doing so. When the case was called for trial appellants filed a Motion for a Continuance on the ground that they had been unable to get the Quaker Oats Company in court since said company was allowed twenty days after service of summons in which to file an answer.

It may be admitted that if appellants had a right to have Quaker Oats Company made a party defendant, then the court was in error in refusing to grant a continuance. It is our opinion, however, based on the record before us, that appellants had no such right.

Ark. Stats. § 27-814, in all material parts, reads as follows: ". . . when a determination of the controversy between the parties before the court cannot be made without the presence of other parties, the court must order them to be brought in." In construing the above statute in the case of *Smith* v. *Moore,* 49 Ark. 100, 4 S. W. 282, the court said: "The obvious intention of the statute is to require all persons to be made parties to an action who will be necessarily and materially affected by its result, . . ." The court then held that a joinder was necessary under the facts of that case. However, in the case of *Thompson* v. *Grace,* 91 Ark. 52, 120 S. W. 397, the court found that a joinder was not necessary because "Appellee was in no wise concerned with any grievance that appellant claimed to have against Jacoway." Paraphrasing the above quoted language, we likewise find from the record here that appellee was in no wise concerned with any grievance Wyatt had with the Quaker Oats Company. The record reflects that the Quaker Oats Company had sued appellants and others in the Federal Court for feed furnished but Wyatt's own testimony shows that that suit was completely divorced from the one before this court now. The

court asked Wyatt this question: "There is a suit in Federal District Court involving an account that Quaker Oats Company says you owe them for this same feed that was used to feed the chicks for which Smith Hatchery is suing you now?" Answer, "No Sir, the feed they sued me on don't have nothing to do with the feed that went into these particular chicks; it is a different suit altogether." From the foregoing we are unable to see why the Quaker Oats Company was a necessary party to the present litigation.

Another point raised by appellants is that the court erred in refusing to allow them to show their losses. This point is not stressed in argument, no authorities are cited, and no erroneous ruling by the court is pointed out to us. On the other hand, the record reflects that Wyatt testified at great length in support of his claim, but his testimony reveals that he was referring to a large flock of defective chicks, some of which were furnished by appellee and some furnished by someone else. There was no error on the part of the court in refusing to admit testimony of this kind.

Finally it is contended by appellants that the court erred in not allowing their attorney to make the opening and closing argument to the jury, but we are unable to agree with this contention. The rule that this court has many times recognized is well stated in 53 Am. Jur., p. 71, § 69, as follows: "The true rule, however, except as modified by statute, . . . is that the party holding the affirmative of the issues joined in the pleadings and who would be defeated if no evidence were given on either side has the right to open and close the evidence and the argument, . . ." Ark. Stats. § 27-1727, subsection "Sixth" reads: "In the argument the party having the burden of proof shall have the opening and conclusion; . . ." As heretofore stated the appellants first entered a general denial. Later they admitted that they got the number of chicks which appellees claim to have sold them but they did not admit the price agreed on. The record also shows that William B. Smith, Jr., a member of appellee corporation, was called to the

stand as the first witness and testified at length without objection upon the part of the appellants. The only logical conclusion to be drawn from this is that appellants themselves considered appellee was charged with the burden of proof, and we think rightly so.

In accordance with what we have heretofore said, the judgment of the trial court should be, and it is hereby, affirmed.

Affirmed.